UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY D., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:24-cv-05382-TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

On January 17, 2020 plaintiff filed an application for SSI benefits alleging a disability onset date of April 14, 2014. AR 120 The application was denied initially and upon reconsideration. AR 146, 159. On June 15, 2023 a hearing was held in front of ALJ Deanna Sokolski. AR 15-61. On July 26, 2023 the ALJ issued an unfavorable decision finding plaintiff not to be disabled. AR 120-136.

The ALJ found the following severe impairments: depressive disorder, attention deficit hyperactivity disorder (ADHD) and anxiety disorder. AR 123. The ALJ determined

1

plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all levels with the following limitations:

> Never climb ladders, ropes, or scaffolds; avoid all exposure to workplace hazards such as unprotected heights and dangerous moving machinery; can perform simple routine tasks in an environment not involving work requiring a specific production rate such as assembly line work or work that requires hourly quotas but can perform work involving simple work related decisions, occasional work place changes, occasional interaction with supervisors and coworkers, no interaction with the public as part of the job duties; and can perform a job that does not involve working in tandem with another employee.

AR 126. The ALJ determined plaintiff could perform the following jobs: floor waxer (DOT #381.687-034, SVP 2, medium), laundry worker II (DOT #361.687-018, SVP 2, medium) and counter supply worker (DOT #319.687-010, SVP 2, medium). AR 135. Additionally the ALJ found that even if plaintiff had the RFC to perform light work she would be able to perform the following jobs: merchandise marker (DOT #209.587-034, SVP 2, light), routing clerk (DOT # 222.687-022, SVP 2, light), and folder (DOT #789.687-066, SVP 2, light). AR 136.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

1. **Medical evidence.**

Plaintiff argues the ALJ erred in evaluating the mental health opinion from consultative examiner Kathryn Johnson, Ph.D. Dkt. 12 at 3-15.

Plaintiff filed the claim on January 17, 2020, so the ALJ applied the 2017 regulations. *See* AR 120. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).
*Id.*

On April 21, 2021 Dr. Johnson conducted an evaluation of plaintiff and prepared a psychological diagnostic interview confidential report. AR 504-09. Dr. Davis diagnosed plaintiff with ADHD, generalized anxiety disorder, social anxiety disorder, and major depressive disorder, recurrent, with a seasonal pattern. AR 509. She opined that attendance would be a severe problem in the workplace due to plaintiff's sleep disorder and anxiety. *Id*. She opined plaintiff would be unable to reliably engage in any activities in the morning and overall timeliness has been a long standing issue. AR 509. She opined plaintiff would do best in predictable settings. *Id*.

The ALJ determined Dr. Johnson's opinion was not persuasive, because the severe limitations in functioning, attendance, and timeliness were not supported by the evaluation findings but were based off plaintiff's reports of tardiness, reliability, distractibility, and sleep difficulties. AR 132. The ALJ also found the opinion to be inconsistent with the overall treatment record showing plaintiff experienced mood stabilization, manageable anxiety, good focus and concentration, good energy, and improved sleep with medication. *Id*. (citing AR 466-86; 511-25; 550-67). The ALJ also found the opinion regarding plaintiff's ability to persist and follow through with tasks to be inconsistent with the evidence that plaintiff successfully worked part-time doing gardening, drove a vehicle, and shopped in stores. *Id*.

Consistency with the record is an important factor in assessing the weight to give a medical opinion, yet mental examinations must be considered in the context of the overall record. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). Here the ALJ

4

found Dr. Johnson's opinion to be inconsistent with the records showing plaintiff "experienced mood stabilization, manageable anxiety, good focus and concentration, good energy, and improved sleep with medication." AR 132 (citing AR 466-86; 511-25; 550-67).

Substantial evidence in the medical record supports the ALJ's conclusion. In the notes from medication management appointments that the ALJ references, plaintiff was at times noted to have a "labile" mood with anxiety, panic, but appropriate affect. AR 521, 483, 480, 477, 476, 473, 468. However, her mood was also frequently reported to be "euthymic." AR 566, 563, 560, 557, 554, 524, 518. It was also noted that she had difficulty with sleep (AR 467), and she consistently reported success with medication and sleeping through the night (AR 562, 559, 556, 550, 523, 520, 517).

Plaintiff highlights portion of the rerecord where she reported heightened anxiety symptoms, discussed difficulty with timeliness, and reported needing reminders or tools to help her with concentration and focus. Dkt. 12 at 9-10 (citing AR 440, 439, 448, 447, 452, 451, 467, 470, 479, 482, 523). But, the ALJ took these portions of the record into consideration in her evaluation of plaintiff's symptoms and limitations. AR 128.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or in fact are inconsistencies at all) and

whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

Here the ALJ identified inconsistencies between the record and Dr. Johnson's opinion and this reason is supported by substantial evidence in the record; this is a valid reason to discount Dr. Johnson's opinion. Any error regarding the other reasons the ALJ gave for discounting the opinion would be harmless. Therefore, the Court will not consider the first or third reasons provided by the ALJ for discounting Dr. Johnson's opinion. *See Carmickle v. Comm'r of Soc. Sec.* Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (if at least one reason is legally valid then inclusion of erroneous reasons is harmless).

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is <u>affirmed</u>.

Dated this 27th day of March, 2025.

Theresa L. Fricke
United States Magistrate Judge